IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ROBERT G. BABULA )<br>    Plaintiff, )<br> )<br>  v. )<br> )<br>HARWOOD HEIGHTS POLICE OFFICERS )<br>ROBERT McNALLY, STEVEN KALCK and )<br>and JAMES BLASZ, Individually and as )<br>employees/agents of HARWOOD HEIGHTS, )<br>a municipal corporation, NORRIDGE POLICE )<br>OFFICERS DANIEL GREGG and MATTHEW )<br>GODUTO, Individually and as employees/agents )<br>of NORRIDGE, a municipal corporation, )<br> )<br> )<br>    Defendants. ) | No.:<br>FILED: JULY 15, 2008<br>08CV4018<br>JUDGE SHADUR<br>MAGISTRATE JUDGE SCHENKIER<br><br>PH<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

  Plaintiff, ROBERT G. BABULA (hereinafter referred to as "BABULA"), by and through his attorneys, the Law Offices of Jeffrey J. Neslund, complains of Defendants, HARWOOD HEIGHTS POLICE OFFICERS ROBERT McNALLY, STEVEN KALCK, and JAMES BLASZ Individually and as employees/agents of HARWOOD HEIGHTS, a municipal corporation, NORRIDGE POLICE OFFICERS DANIEL GREGG and PATRICK GODUTO, Individually and as employees/agents of NORRIDGE, a municipal corporation, (hereinafter referred to as "DEFENDANT OFFICERS"), as follows:

**INTRODUCTION**

  1.  This action is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's right as secured by the United States Constitution. Plaintiff seeks damages stemming from the unlawful use of force against him by the DEFENDANT OFFICERS.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction of the action under 28 U.S.C. § 1331.  Venue is proper as the plaintiff BABULA is a resident of this judicial district and on information and belief, the DEFENDANT OFFICERS are also residents of this judicial district.  Further, the events giving rise to the claims asserted here all occurred within the district.

**BACKGROUND**

3.     On or about July 15, 2007, the Plaintiff, BABULA, was arrested by the DEFENDANT OFFICERS in front of his home located at 7522 Winona in Harwood Heights, Cook County, Illinois.

4.     DEFENDANT OFFICER KALCK handcuffed the Plaintiff while the Plaintiff was on the stairs of the front porch of his home at 7522 Winonain Harwood Heights, Cook County, Illinois.

5.     One of the DEFENDANT OFFICERS threw the Plaintiff onto the sidewalk and placed his foot onto the Plaintiff's face as the Plaintiff tried to get up.

6.     The Plaintiff's mother, Stella Babula, and father, Edward Babula, both Polish immigrants, came outside of their home at 7522 Winona and asked the DEFENDANT OFFICERS why they were beating up the Plaintiff.

7.     Several of the DEFENDANT OFFICERS called the Plaintiff's mother and father "pollocks" and told them to "go back to their own country."

8.     One of the DEFENDANT OFFICERS illegally entered the Plaintiff's home at 7522 Winona without consent or a search warrant.

9.     The DEFENDANT OFFICERS continued to insult the Plaintiff's parents as they beat and kick the Plaintiff about the head and body in front of his home.

2

10. The DEFENDANT OFFICERS forced the plaintiff into the back of a squad car where he was punched in the face several times. One of the DEFENDANT OFFICERS twisted the Plaintiff's knee as other DEFENDANT OFFICERS held the plaintiff down across the back seat of a squad car.

11. The DEFENDANT OFFICERS transported the Plaintiff to the Harwood Heights Police Station and refused the plaintiff's pleas for medical attention.

## COUNT I – 42 U.S.C. §1983: Excessive Force

12. Plaintiff re-alleges and incorporates the foregoing paragraphs 1-11 as fully stated herein.

13. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the plaintiff's constitutional rights against excessive force as guaranteed to the plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

14. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT II – State Law Claim: Assault and Battery

15. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

16. As described in the preceding paragraphs, the conduct of DEFENDANT OFFICERS, acting under color of law and within the scope of their employment, constituted

unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

18. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employers are liable for their actions.

## COUNT III – State Law Claim: Intentional Infliction of Emotional Distress

19. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

20. The DEFENDANT OFFICERS' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

21. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

22. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment and under color of law such that their municipal employers are liable for their actions.

## COUNT IV – Failure to Intervene

23. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

24. Certain DEFENDANT OFFICERS failed to intervene and prevent their fellow officers from beating the plaintiff as described above.

25. The failure of the DEFENDANT OFFICERS to intervene and prevent or limit the abuse outlined above was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

26. As a result of the failure of the DEFENDANT OFFICERS to intervene, the Plaintiff suffered physical injuries, including but not limited to substantial mental stress and anguish.

27. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment and under color of law such that their municipal employers are liable for their actions.

### COUNT V-Failure to Provide Medical Attention

28. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

29. The DEFENDANT OFFICERS knew the Plaintiff was in need of medical attention after the physical abuse out-lined above.

30. The DEFENDANT OFFICERS failed to provide any medical attention to the Plaintiff's injuries, expressing a deliberate indifference to the Plaintiff's injuries and need for medical attention.

31. The failure of the DEFENDANT OFFICERS to provide medical attention for the Plaintiff's injuries outlined above was undertaken with malice, willfulness and reckless indifference to the rights of the Plaintiff.

32. As a result of the failure of the DEFENDANT OFFICERS to provide medical attention, the Plaintiff experienced additional pain and suffering, including but not limited to substantial mental stress and anguish.

33. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment and under color of law such that their municipal employers are liable for their actions.

### COUNT VI – State Law Claim: Indemnification

34. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

35. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

36. The DEFENDANT OFFICERS are or were employees of public entities and acted within the scope of their employment in committing the misconduct described herein.

### REQUEST FOR RELIEF

37. Plaintiff, ROBERT G. BABULA, respectfully requests that the Court:

    a. Enter judgment in his favor and against the DEFENDANT OFFICERS;

    b. Award compensatory damages against the DEFENDANT OFFICERS;

    c. Award attorneys' fees against the DEFENDANT OFFICERS;

    d. Award punitive damages against the DEFENDANT OFFICERS;

    e. Grant any other relief this Court deems just and appropriate.

### JURY DEMAND

` Plaintiff, LUTHER V. BUTLER, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

By: s/Jeffrey J. Neslund

_____
Jeffrey J. Neslund,
One of Plaintiff's Attorneys

Law Offices of Jeffrey J. Neslund
*Attorney for Plaintiff*
150 N. Wacker Drive, Suite 2460
Chicago, Illinois 60606
312/223-1100

7