IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BABULA,                        )
                                      )
            Plaintiff,                )
                                      )
    v.                                )     No. 08 C 4018
                                      )
HARWOOD HEIGHTS POLICE OFFICERS       )
ROBERT McNALLY, et al.,               )
                                      )
            Defendants.               )

MEMORANDUM ORDER

Several aspects of the prior handling of this 42 U.S.C. §1983 ("Section 1983") action by counsel for plaintiff Robert Babula ("Babula") strongly suggest that counsel should take care to have his errors and omissions insurance premiums paid to date:

1. Counsel's original July 15, 2008 Complaint evoked an immediate July 21 memorandum order ("Order") from this Court that pointed to some patent problems with that pleading (including the inexplicable fact that the jury demand was assertedly filed on behalf of "Luther V. Butler"--a total stranger to the Complaint that had been brought on behalf of Babula.

2. Despite the Order's directive to counsel to file a curative Amended Complaint, he ignored the matter entirely up to and including his tardy attendance at the initial scheduled status hearing of the case on September 9. That tardiness had led to a dismissal of the action for want of prosecution when the case was called--a dismissal that this

Court then vacated when counsel showed up late that morning.[1]

3. Although Babula's counsel then filed a First Amended Complaint ("FAC") on September 16, he violated this District Court's LR 5.2(e) that requires the one-day-later delivery of a paper copy to the judge assigned to the case.[2]

As indicated in n.2, counsel for certain of the defendants--Village of Norridge Police Officers Daniel Gregg, Matthew Goduto and D'Attoma--have served notice of a motion to be presented on December 30 seeking the dismissal of those defendants from this action. This time, however, it is defense counsel who are at fault. Their arguments essentially--and impermissibly--contend for a system of fact pleading, rather than the notice pleading regimen applicable to federal practice. To be brief:

1. FAC ¶¶13 and 14 ascribe the imposition of excessive

---

[1] By chance this memorandum order is being issued on a date when the same lawyer failed to appear for a previously scheduled status hearing on one of Judge Moran's cases that this Court is hearing in his absence.

[2] This Court has also expressly incorporated the LR 5.2(e) requirement into its website, together with a notification to counsel "that any noncompliance with LR 5.2(e) may result in the imposition of a fine or substantial per-page charge if the court's staff finds it necessary to print out the required chambers copy, whenever circumstances make such a sanction appropriate." In this instance this Court was totally unaware of counsel's September 16 filing until three months later, when it received the notice of motion referred to later in the text. Its minute clerk was then indeed required to search the docket and print out a copy of the FAC. Accordingly Babula's counsel is fined the sum of $25, to be paid promptly to the Clerk of Court.

force to the three Village of Norridge officers as well as to the other defendants, while FAC ¶15 charges them with active participation in restraining Babula while one of the other defendants applied excessive force.

    2. FAC ¶¶18-19 and 21-22 also charge the Village of Norridge officers with excessive force, referring back to the earlier-mentioned paragraphs.

    3. As the motion itself acknowledges, FAC Count IV charges Officer Gregg with a well-recognized constitutional violation: the failure to intervene when another officer is engaged in the imposition of excessive force.[3]

Simply put, defense counsel has overread the teaching of <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), with its modest tempering of the almost-anything-goes approach announced in the Supreme Court's earlier caselaw. Accordingly the proposed motion to dismiss is denied, and counsel for the Village of Norridge Police Officers are ordered to answer the FAC on or before December 30, 2008.

                                      */s/ Milton I. Shadur*
                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: December 17, 2008

---

[3] Nothing said in the text, of course, should be mistaken as holding--or even implying--that Babula will be successful in proving his allegations. As defense counsel have recognized, this Court--like counsel themselves--must credit the FAC's allegations as true for purposes of a Fed. R. Civ. P. 12(b)(6) motion.